CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
JAMIE N. MCINELLY, ESQ.
Nevada Bar No. 15963
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
T: (702) 434-8282
F: (702) 434-1488
Christian@CMTrialAttorneys.com
Victoria@CMTrialAttorneys.com
Jamie@CMTrialAttorneys.com
Sarah@CMTrialAttorneys.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLISON R. VECE, individually; KEVIN H. PHELPS, individually; and GAYLE FEDELE, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> ESTATE OF JOSEPH W. PLAUTZ, deceased, by and through DOE SPECIAL ADMINISTRATOR; FREMONT WOMENS HEALTH LLC f/k/a DESERET WOMEN'S CARE; DIGNITY HEALTH d/b/a ST ROSE DOMINICAN HOSPITALS-ROSE DE LIMA CAMPUS; ROE MEDICAL FACILITIES; DOES 1 through 10; ROE CORPORATIONS 13 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, <br><br> Defendants. | CASE NO.: 2:24-cv-01025-GMN-EJY <br><br><br> ~~PROPOSED~~ **JOINT DISCOVERY PLAN AND SCHEDULING ORDER** <br><br><br> **SPECIAL SCHEDULING REVIEW REQUESTED** |

1

Pursuant to Local Rule 261, the Parties submit their proposed Discovery Plan and Scheduling Order as follows:

    a.  **LR 26-1(a) FRCP 26(f) Meeting:** Pursuant to FRCP 26(f) and LR 26-1(a), a meeting was conducted telephonically on July 1, 2024; Victoria R. Allen, Esq., of Christian Morris Trial Attorneys was present for Plaintiffs and Joshua M. Dickey, Esq. of Bailey Kennedy and Andrew Ennis, Esq., of Polsinelli, P.C. were present for Defendant Dignity Health ("Defendant Dignity").

        i.  **Statement of the reasons why longer or different time periods should apply to the case:** Parties agree to extend discovery given the nature of the claims and the fact that material issues of fact, the claims, and defenses arise from events that happened in the remote past, some of which occurred approximately 40 years ago. The parties anticipate there will be difficulty locating and obtaining certain discovery crucial to this case within the normal course of discovery. Thus, the parties request a slightly longer period of discovery to accommodate those circumstances.

    b.  **LR 26-1(b)(1) Discovery Cut-Off Date:** Plaintiffs filed their Complaint March 26, 2024, filed their First Amended Complaint April 2, 2024, and filed their Second Amended Complaint August 20, 2024. Pursuant to Plaintiffs and Defendant Dignity's stipulation to extend the deadline for Dignity Health to file an Answer to Plaintiffs' FAC to be July 12, 2024, *see* Doc No. 5, Defendant Dignity filed their Answer to Plaintiffs' FAC on July 12, 2024. The Parties therefore request that the discovery period be calculated fourteen (14) months from the date of the FRCP 26(f) conference which occurred on July 1, 2024, as such, discovery closes on **September 2, 2025**[1].

    c.  **LR 26-1(b)(2) Amending the Pleadings and Adding Parties:** The parties have until June 4, 2025, to file any motions to amend the pleadings or to add parties. This is ninety (90) days prior to the discovery cut-off date.

---

[1] Fourteen (14) months after July 1, 2024, is Monday, September 1, 2025, which is the Labor Day Holiday. The next subsequent business day is Tuesday, September 2, 2025.

2

d.     **LR 26-1(b)(3), FRCP 26(a)(2) Disclosures (Experts):** Disclosure of experts shall proceed as follows: Plaintiffs and Defendant Dignity shall disclose their experts to each other at least sixty (60) days before the discovery cut-off date, by **September 2, 2025**. Plaintiffs and Defendant Dignity shall disclose their rebuttal experts at least thirty (30) days after the initial date for disclosure of experts by **August 4, 2025**[2].

e.     Further each party agrees to make their experts available for deposition, and facilitate same, prior to discovery cut-off.

f.     **LR 26-1(b)(4) Dispositive Motions:** The parties shall have until October 2, 2025, to file dispositive motions. This does not exceed the outside limit of thirty (30) days following the discovery cut-off date that LR 26-1(b)(4) presumptively sets for filing dispositive motions.

g.     **LR 26-1(b)(5) Pretrial Order:** The pretrial order shall be filed by November 3, 2025, which is not more than thirty (30) days after the date set for filing dispositive motions in the case pursuant to LR 26-1(b)(5). This date is suspended if the dispositive motions are timely filed. In such a case, the pretrial order shall be filed thirty (30) days after the Court files an Order on any dispositive motions. The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order.

h.     **LR 26-1(b)(6) FRCP 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

i.     **LR 26-1(b)(7) Alternative Dispute Resolution:** The parties discussed trial by a possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation; the Plaintiffs and Defendant Dignity agree that none of the foregoing are appropriate for this case at this time.

j.     **LR 26-1(b)(8) Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ.

---

[2] Thirty (30)days after July 3, 2025, the deadline for expert disclosures, is Saturday, August 2, 2025. The next subsequent business day is Monday, August 4, 2025.

3

P. 73 and the use of the Short Trial Program (General Order 2013-01); the Plaintiffs and Defendant Dignity agree that none of the foregoing are appropriate for this case.

k. **LR 26-1(b)(9) Electronic Evidence**: Plaintiffs and Defendant Dignity certify that they have discussed whether the parties intend to present evidence in electronic format to jurors for the purposes of jury deliberation. Although not known at this time which exhibits will be electronically presented, that the parties shall provide discovery in an electronic format compatible with the Court's electronic jury evidence display system. The parties shall contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence system.

## Other Discovery Matters

a. **Pre-Discovery Disclosures**: Pursuant to FRCP 26(a)(1)(C), the Parties exchanged their initial disclosures July 22, 2024.

b. **Subject of Discovery**: Discovery will be needed on the following subjects: Discovery will be needed on all of the claims and defenses in this matter, including liability and damages, and all matters within the scope of Rule 26 of the Federal Rules of Civil Procedure.

c. **Interrogatories and Depositions**: The customary total number of interrogatories of 25 per party; the parties may agree to more interrogatories by mutual agreement or application to the Court. No more than ten (10) depositions by Plaintiffs and no more than ten (10) depositions by Defendant Dignity as provided in Rule 30(a)(2)(A)(i). However, the parties may agree to more depositions by mutual agreement or application to Court.

d. **Settlement**: The parties shall confer prior to expert depositions to discuss settlement options regarding any and all parties, including any new parties.

e. **Court Conference**: Plaintiffs do not request a conference with the Court before entry of the scheduling order.

f. **Later Appearing Parties**: A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall

apply to such later-appearing parties, unless the Court, on motion and for good cause shown, orders otherwise.

      g.    **Extension or Modification of the Discovery Plan and Scheduling Order**: LR 26-3 governs modifications or extension of this discovery plan and scheduling order. Any stipulation or motion must be made not later than twenty-one (21) days before the subject deadline and comply fully with LR 26-3.

| ACTIVITY | DATE |
| --- | --- |
| Pre-Discovery Disclosures | July 22, 2024 |
| Amend Pleadings | June 4, 2025 |
| Expert Disclosures | July 3, 2025 |
| Rebuttal Expert Disclosures | August 4, 2025 |
| Discovery Cut-Off Date | September 2, 2025 |
| Dispositive Motions | October 2, 2025 |
| Pretrial Order | November 3, 2025 |

DATED this 16th day of September 2024.

CHRISTIAN MORRIS TRIAL ATTORNEYS

*/s/ Victoria R. Allen*
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
*Attorneys for Plaintiffs*

CHRISTIAN MORRIS TRIAL ATTORNEYS
2250 Corporate Circle, Suite 390
Henderson, NV 89074
(702) 434-8282 / (702) 434-1488 (fax)

DATED this 16th day of September, 2024.

BAILEY✥KENNEDY

*/s/ Joshua M. Dickey*
JOHN R. BAILEY, ESQ.
JOSHUA M. DICKEY

ANDREW J. ENNIS
(Admitted Pro Hac Vice)
**POLSINELLI PC**
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112

*Attorneys for Defendant Dignity Health*

## ORDER

With good causing appearing, and as the Parties have stipulated above:

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: September 16, 2024