UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLISON R. VECE, *et al.*,<br><br>               Plaintiffs,<br>   vs.<br><br>ESTATE OF JOSEPH W. PLAUTZ, DECEASED, BY AND THROUGH REGAN PETERSON, *et al.*,<br><br>               Defendants. | Case No.: 2:24-cv-01025-GMN-EJY<br><br>**ORDER GRANTING<br>MOTION TO REMAND** |

     Pending before the Court is the Motion to Remand, (ECF No. 12), filed by Plaintiffs Allison R. Vece, Kevin H. Phelps, and Gayle Fedele (collectively "Plaintiffs"). Defendant Dignity Health filed a Response, (ECF No. 31), to which Plaintiffs replied, (ECF No. 33).

     Because complete diversity does not exist between the Parties, the Court **GRANTS** Plaintiffs' Motion to Remand.

**I.    BACKGROUND**

     This case arises from the alleged act of fertility fraud that occurred when Joseph W. Plautz, deceased, artificially inseminated Gayle Fedele with his own semen without her permission or knowing consent based on the fraudulent misrepresentation that the semen was obtained from a sperm bank. (*See generally* First Am. Compl. ("FAC"), Ex. 2 to Mot. Remand, ECF No. 12-2). Plaintiffs filed their initial Complaint in the Eighth Judicial District Court and subsequently filed their First Amended Complaint against Defendants Doe Special Administrator of the Estate of Joseph W. Plautz and Dignity Health.

     Defendant Dignity Health removed this case to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No. 1). Defendant maintains that complete diversity of

citizenship exists and the amount in controversy is met. (*Id.* ¶ 11).  Plaintiffs now seek to remand to state court.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Diversity is determined, and must exist, at the time the complaint is filed, and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  A

1  corporation is deemed to be a citizen of every state by which it is incorporated, as well as the
2  state where it has its principal place of business. 28 U.S.C. § 1322(c)(1).

3  **III.  DISCUSSION**

4  Plaintiff argues that remand is appropriate because Defendant failed to establish that this
5  Court has diversity jurisdiction. (*See generally* Mot. Remand, ECF No. 12).  The Parties
6  dispute both conditions of diversity jurisdiction: complete diversity and the amount in
7  controversy.  But because the Court finds that complete diversity among the Parties does not
8  exist, it need not determine whether the amount in controversy is met.

9  At the time of removal, the parties in the case were Plaintiffs Allison Vece, a citizen of
10  Connecticut, Kevin Phelps, a citizen of Nevada,[1] and Gayle Fedele, a citizen of Connecticut,
11  and Defendants Doe Special Administrator of the Estate of Joseph W. Plautz, a citizen of
12  Nevada, and Dignity Health, a citizen of California. (*See generally* FAC).  Plaintiffs argue that
13  Defendant Dignity Health has not met its burden of establishing beyond a doubt that diversity
14  of parties exists because the unknown Special Administrator of the Estate of Joseph Plautz
15  must be a Nevada citizen. (Mot. Remand 6:11–12).  Plaintiffs further argue that Defendant
16  Dignity Health failed to establish that the Special Administrator of the Plautz Estate is a
17  fraudulently joined party and must be ignored. (*Id.* 7:25–26).  Because Defendant Dignity
18  Health does not put forth arguments responding to Plaintiffs' latter argument, the Court need
19  only take up the former.

20  Defendant Dignity Health argues that the citizenship of the Doe Special Administrator
21  must be ignored for purposes of diversity jurisdiction. (Resp. 7:24–8:1).  While it is true that

---

[1] The First Amended Complaint, which was removed to federal court, initially listed Kevin Phelps as a citizen of Connecticut.  However, Plaintiffs filed an errata "to correct a typographical error as though set forth in the original First Amended Complaint." (Errata at 2, Ex. 5 to Mot. Remand., ECF No. 12-5).  The errata states: "Plaintiff KEVIN H. PHELPS ("Mr. Phelps") is an individual currently residing in Clark County, Nevada, as if included in the original First Amended Complaint." (*Id.*).  Thus, Plaintiff Kevin Phelps was a citizen of Nevada at the time of removal.

when determining diversity jurisdiction "the citizenship of defendants sued under fictitious names shall be disregarded," 28 U.S.C. § 1441(b)(1), many Courts in the Ninth Circuit "differentiate between purely 'fictitious' defendants, whose citizenship must be disregarded, and "real" Doe defendants whose identities are ascertainable," *Dickson v. Walmart, Inc.*, No. 2:23-cv-01386-MMD-NJK, 2023 WL 8827689, at *2 (D. Nev. Dec. 21, 2023). Indeed, "some courts find the language of § 1441 preclusive . . . [but] others find a distinction exists between 'fictitious' and real party Does that requires greater scrutiny." *Id.* (citing *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020)); *see also Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015). The inquiry then becomes whether "[p]laintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Dickson*, 2023 WL 8827689, at *2 (*citing Gardiner Fam.*, 147 F. Supp. 3d at 1036) (collecting cases). In the present case, the pleadings are sufficient to establish that, as a matter of law, the Doe Special Administrator of the estate must be a Nevada citizen.

For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332 (c)(2). Here, Plaintiffs bring claims against the Doe Special Administrator of the Estate of Joseph W. Plautz. The Special Administrator, by law, is considered a resident of the state of the decedent. The decedent, Jospeh Plautz, was a resident of Nevada, therefore, whomever the Special Administrator is, is likewise a resident of Nevada. Because the representative of the Plautz Estate is a citizen of Nevada and because Plaintiff Kevin Phelps is a citizen of Nevada, there is no complete diversity of the parties. Therefore, Defendant has not met its burden of establishing that complete diversity exists. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **REMAND** this case to the Eighth Judicial District Court of Clark County for further proceedings. The Clerk of Court is also kindly directed to close this case.

**DATED** this __29__ day of January, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT